UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNA DUNN,

    Plaintiff/Counter Defendant,            Case No. 04-75061

v.                                                                  Honorable John Corbett O'Meara

MICHAEL AND NANCY SAVAGE,

    Defendants/Counter Plaintiffs.
_____/

**OPINION AND ORDER RE-OPENING CASE,
DENYING SAVAGES' MOTION FOR SUMMARY JUDGMENT ON
COUNTERCLAIM, AND GRANTING
<u>DUNN'S MOTION FOR SUMMARY JUDGMENT ON COUNTERCLAIM</u>**

This matter came before the court on cross motions for summary judgment on defendants/counter plaintiffs Savages' counterclaim. The issues have been fully briefed; and pursuant to Local Rule 7.1(e)(2), no oral argument was heard.

This case was removed to this court December 28, 2004. After the court issued orders in early 2006, the Savages appealed to the United States Court of Appeals for the Sixth Circuit. The appellate court issued its mandate August 19, 2008; therefore, as a preliminary matter, this court will re-open the case.

What began many years ago as a dispute between neighbors regarding maintenance of a creek running between their properties has mushroomed into a federal case involving the Comprehensive Environmental Response, Compensation, and Liability Act, ("CERCLA") 42 U.S.C. § 9607, as alleged in the Savages' counterclaim.

The Savages contend that the Dunns[1] engaged in illegal dumping of hazardous substances into Flotts Creek, which divides the parties' properties. The counter complaint alleges that the Dunns placed "tainted road fill, concrete, ionized metal structures, rubber, and other materials, components, mixtures and substances forbidden by law" into the creek. Counter complaint at ¶ 9.

Congress adopted CERCLA in 1980 in response to the "threat to public heath and the environment posed by the widespread use and disposal of hazardous substance." Otay Land Co. v. U.E. Ltd., L.P., 440 F. Supp. 2d 1152, 1159 (S.D.Cal.), *judgment vacated on other grounds*, 2009 WL 2179739 (9th Cir. July 22, 2009). CERCLA is a comprehensive environmental statute designed to effect two goals: "(1) the cleanup of toxic waste sites; and (2) the compensation of those who have attended to the remediation of environmental hazards." Franklin County Convention Facilities Auth. v. American Premier Underwriters, Inc., 240 F.3d 534, 541 (6th Cir. 2001). In short, CERCLA is a statute designed to promote the public welfare, not necessarily the private property rights of individual litigants.

In order to establish a *prima facie* case for cost recovery under CERCLA, a plaintiff must prove the following: 1) the site is a CERCLA "facility"; 2) there is an actual or threatened release of a "hazardous substance;" 3) the release caused plaintiff to incur "necessary costs of response," and those costs were incurred consistent with the National Contingency Plan; and 4) the defendant falls within one of four categories of CERCLA covered persons. Franklin County, 240 F.3d at 541.

As the third element of their *prima facie* case, the Savages are required to show at the release of a hazard substance caused them to incur "necessary costs of response" that were consistent with

---

[1] Donna Dunn's husband Donald died February 26, 2009.

the National Contingency Plan. Regardless of whether they may be able to prevail on any of the other elements of their case, they cannot prove this core element.

"The statutory limitation to 'necessary' costs of cleaning up is important. Without it there would be no check on the temptation to improve one's property and charge the expense of improvement to someone else." G.J. Leasing Co. v. Union Elec. Co., 54 F.3d 379, 386 (7th Cir. 1995). Costs are necessary when they are incurred in response to a threat to human health or the environment. Carson Harbor Vill., Ltd. v. Unocal Corp., 270 F.3d 863, 871 (9th Cir. 2001). Moreover, for response costs to be "necessary," a plaintiff "must establish that an actual or real public health threat exists *prior to initiating a response action*." G.J. Leasing, 854 F. Supp. 539, 562 (S.D. Ill. 1994), *aff'd* 54 F.3d 379 (7th Cir. 1995)(emphasis added).

The Savages claim to have incurred approximately $135,000 in damages and response costs, including $65,309.57 for engineering and construction costs and expenses to erect a seawall *for erosion control*, including bank stabilization and foundation rehabilitation.[2] It is clear that the Savages' claimed "response costs" were not incurred in response to a threat of human health and the environment. Therefore, Donna Dunn is entitled to summary judgment on the counterclaim.

## ORDER

It is hereby **ORDERED** that this case is **RE-OPENED.**

It is further **ORDERED** that the Savages' motion for summary judgment on their counterclaim is **DENIED.**

---

[2]The remaining $67,045.25 consists of claimed legal fees for litigation and various permits.

It is further **ORDERED** that Donna Dunn's motion for summary judgment on the Savages' counterclaim is **GRANTED.**

                                                    s/John Corbett O'Meara
                                                  United States District Judge

Date: August 27, 2009

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, August 27, 2009, by electronic and/or ordinary mail.

                                                    s/William Barkholz
                                                  Case Manager